MICHAEL SHAPIRO, Respondent, v GOOD SAMARITAN REGIONAL HOSPITAL MEDICAL CENTER, Defendant and Third-Party Plaintiff, et al., Defendant. PATHOLOGY ASSOCIATE OF ROCKLAND COUNTY, P.C., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [840 NYS2d 94]—

In an action, inter alia, to recover damages for medical mal-

practice, the third-party defendants Pathology Associate of Rockland County, P.C., and Orange Pathology Associates, P.C., appeal from an order of the Supreme Court, Rockland County (Garvey, J.), entered September 28, 2006, which granted the plaintiff's motion pursuant to CPLR 3025 (b) for leave to serve and file a supplemental summons and an amended complaint adding them as direct defendants.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3025 (b) for leave to serve and file a supplemental summons and an amended complaint adding the third-party defendants Pathology Associate of Rockland County, P.C., and Orange Pathology Associates, P.C., as direct defendants is denied.

The relation-back doctrine, which is codified in CPLR 203 (b), allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against a codefendant for statute of limitations purposes where the two defendants are "united in interest" (*Buran v Coupal*, 87 NY2d 173, 177 [1995]). In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the new defendant as well (*see Buran v Coupal, supra* at 178; *Nani v Gould*, 39 AD3d 508 [2007]; *Porter v Annabi*, 38 AD3d 869 [2007]).

Even assuming that the plaintiff satisfied the first two elements of the relation-back doctrine test, he failed to satisfy the third element. Notice to the new defendant within the applicable limitations period is the "linchpin" of the relation-back doctrine, and thus the third prong of the test focuses, inter alia, on "whether the *defendant* could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all 'and that the matter has been laid to rest as far as he [or she] is concerned'" (*Buran v Coupal, supra* at 180-181, quoting *Brock v Bua*, 83 AD2d 61, 70 [1981]; *see Nani v Gould, supra*). Here, there is no evidence that the appellants, professional corporations which provided pathology services to the defendant hospital, had any

knowledge that a malpractice action had been instituted against the hospital based, in part, upon negligent interpretation of pathological tests, until their president was subpoenaed to testify as a nonparty witness in December 2004. At this point, more than five years elapsed since the appellants had interpreted specimens from two surgeries performed on the plaintiff in the fall of 1998. Moreover, the record is devoid of evidence that the appellants were aware that allegations of malpractice had been raised in connection with interpretations performed in the fall of 1998 prior to service of the subpoena. Under these circumstances, the plaintiff failed to establish that the appellants knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been brought against them as well (*see Cintron v Lynn*, 306 AD2d 118 [2003]; *Spaulding v Mt. Vernon Hosp.*, 283 AD2d 634 [2001]; *Yovane v White Plains Hosp. Ctr.*, 228 AD2d 436 [1996]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.