■ MARILYN MARINO, Appellant, v WESTCHESTER MEDICAL GROUP, P.C., et al., Defendants, and STUART HABER, Respondent. [856 NYS2d 210]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered January 19, 2007, which granted the motion of the defendant Stuart Haber to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is affirmed, with costs.

For statute of limitations purposes (*see* CPLR 203 [b]), in order for claims asserted against a new defendant to relate back to the date the claims were filed against an original defendant, the plaintiff must "establish that (1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the

delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Davis v Larhette,* 39 AD3d 693, 694 [2007]).

Here, the plaintiff failed to establish that the defendant Stuart Haber was united in interest with any of the original defendants (*see Evans v Abitbol,* 1 AD3d 313, 314 [2003]). In addition, there is no evidence in the record, other than the conclusory allegations of the plaintiff's attorney, to establish that Haber knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been brought against him as well (*see Shapiro v Good Samaritan Regional Hosp. Med. Ctr.,* 42 AD3d 443, 444 [2007]; *Cintron v Lynn,* 306 AD2d 118, 120 [2003]). Thus, the Supreme Court properly dismissed the complaint insofar as asserted against Haber as time-barred. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.