■ NEDIM ERDOGAN, Respondent, v TOOTHSAVERS DENTAL SERVICES, P.C., et al., Appellants. SOL S. STOLZENBERG, D.M.D., et al., Third-Party Plaintiffs-Appellants, v BARRY GORDON, D.D.S., Third-Party Defendant-Appellant. [869 NYS2d 82]—

Plaintiff commenced this action in July 2005 against Tooth-savers and Drs. Stolzenberg and Winegarden for injuries sustained due to alleged dental malpractice and failure to inform regarding foreseeable risks and alternatives associated with procedures performed between May and August 2003. The complaint was amended in September 2005 to include Dr. Gordon as a party defendant, but plaintiff was unable to serve him.

In September 2006, Toothsavers and Dr. Stolzenberg commenced a third-party action against Dr. Gordon, and shortly thereafter, plaintiff amended his summons and complaint (CPLR 1009) to reflect Dr. Gordon's true identity. Dr. Gordon answered this amended complaint and moved to dismiss on the ground of statute of limitations (CPLR 214-a), as well as for summary judgment.

Even though the claims against Dr. Gordon were filed in a timely fashion in 2005, service was never effected upon him within the statutory period of limitations. Plaintiff never sought an extension of time to serve his complaint, and the record is devoid of any genuine effort on his part to ascertain Dr. Gordon's correct identity and address prior to the running of the statute (*see e.g. Tucker v Lorieo*, 291 AD2d 261 [2002]). Plaintiff failed to establish the applicability of the relation-back doctrine whereby Dr. Gordon might or should have known that the September 2005 complaint would have been brought against him as well (*see Cintron v Lynn*, 306 AD2d 118 [2003]). Accordingly, plaintiff's action as against Dr. Gordon must be dismissed as untimely.

Toothsavers' motion for summary judgment was properly denied in that it failed to establish, as a matter of law, that it was not vicariously liable for the actions of the treating dentists (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). The part of Toothsavers' motion, as well as Dr. Winegarden's motion for summary judgment, on the ground that they did not commit dental malpractice, was also properly denied. Questions of fact were presented (*cf. Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by the experts' conflicting opinions as to whether these defendants departed from the prevailing standard of dental care, and if so, whether such departure resulted in plaintiff's

injuries, and whether defendants failed to inform plaintiff of foreseeable risks and alternatives associated with the dental procedures to be performed.

Plaintiff's action against Dr. Stolzenberg, individually, must be dismissed pursuant to a stipulation between the parties. Concur—Andrias, J.P., Nardelli, Sweeny, DeGrasse and Freedman, JJ.