■ Maria Alvarado et al., Appellants, v Beth Israel Medical Center et al., Defendants, and Seth Cohen, Respondent.
[876 NYS2d 147]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 18, 2007, as granted the motion of the defendant Seth Cohen pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against him as time-barred, and denied their cross motion pursuant to CPLR 203 (f) to deem the claims asserted in the amended complaint against that defendant to have been timely interposed.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 14, 1999, the injured plaintiff underwent a procedure known as a laparoscopic cholecystectomy (hereinafter lap choly). The lap choly was performed by the defendant physician Andrew Lo at the defendant Beth Israel Medical Center (hereinafter BIMC). In the days following the lap choly, a bile duct leak was suspected.

On September 17, 1999, the injured plaintiff underwent a procedure known as endoscopic retrograde cholangiopancreatography (hereinafter the ERCP). The ERCP was performed at BIMC by the defendant physician Seth Cohen, who was not an employee of BIMC. Later that day, after the ERCP was performed, the injured plaintiff underwent emergency surgery performed by Lo, whereupon it was discovered that her duodenum had been perforated.

On or about February 25, 2002, the injured plaintiff and her husband commenced the instant action against Lo and BIMC alleging, inter alia, that the lap choly was negligently performed. The plaintiffs did not initially name Cohen as a defendant, and did not refer to the ERCP in the complaint.

On October 24, 2006, more than four years after the expira-

tion of the applicable statute of limitations, Cohen was deposed as a nonparty witness. He testified at his deposition that he believed that the perforation might have occurred during the ERCP. Lo subsequently testified at his deposition that Cohen told him that a "hole" in the duodenum was made during the ERCP.

On or about May 23, 2007, the plaintiffs filed an amended complaint, which added Cohen as a defendant and asserted a cause of action against him based on his alleged medical malpractice in performing the ERCP. Cohen then moved to dismiss the amended complaint insofar as asserted against him pursuant to CPLR 3211 (a) (5), based on the statute of limitations. The plaintiffs cross-moved to deem the claims asserted in the amended complaint against Cohen to have been interposed at the time of the original complaint under the relation-back doctrine (see CPLR 203 [f]). The Supreme Court held that the relation-back doctrine did not apply, and thus, inter alia, granted Cohen's motion to dismiss the amended complaint insofar as asserted against him.

On his motion, Cohen established that the amended complaint was filed after the expiration of the $2^1/_2$-year statute of limitations applicable to a cause of action to recover damages for medical malpractice (see CPLR 214-a; Teer v Queens-Long Is. Med. Group, 303 AD2d 488, 489 [2003]). The burden then shifted to the plaintiffs to present sufficient evidence that the relation-back doctrine applied (see Austin v Interfaith Med. Ctr., 264 AD2d 702, 703 [1999]).

In order for a claim asserted against a new defendant to relate back to the date a claim was asserted against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship, can be charged with notice of the institution of the action and will not be prejudiced in maintaining his or her defense on the merits by virtue of the delayed, and otherwise stale, assertion of those claims against him or her, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been timely commenced against him or her as well (see Buran v Coupal, 87 NY2d 173, 178 [1995]; Schiavone v Victory Mem. Hosp., 292 AD2d 365, 365-366 [2002]; Austin v Interfaith Med. Ctr., 264 AD2d at 703). The "linchpin" of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period (see Buran v Coupal, 87 NY2d at 180; Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 42 AD3d 443, 444 [2007]).

Here, the plaintiffs failed to present evidence sufficient to satisfy the third prong of the relation-back doctrine test. There is no evidence in the record that Cohen had notice of the pending action before being subpoenaed to give a deposition as a nonparty witness, approximately seven years after he allegedly committed the malpractice (*see Buran v Coupal,* 87 NY2d at 180; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.,* 42 AD3d at 444). Cohen could have reasonably concluded that the plaintiffs' failure to sue him within the applicable limitations period meant that there they had no intent to sue him, and thus, that the matter had been laid to rest (*see Buran v Coupal,* 87 NY2d at 181; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.,* 42 AD3d at 444; *see also Spaulding v Mt. Vernon Hosp.,* 283 AD2d 634, 634-635 [2001]).

Accordingly, the Supreme Court properly granted Cohen's motion to dismiss the amended complaint insofar as asserted against him as time-barred, and properly denied the plaintiffs' cross motion to deem the claims asserted in the amended complaint against Cohen to have been timely interposed. Skelos, J.P., Dillon, Covello and Leventhal, JJ., concur.