■ CAROL D'ESPOSITO, Respondent, v JOHN S. KUNG et al., Appellants. [885 NYS2d 507]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants John S. Kung and Staten Island Ophthalmology, P.C. appeal from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated

April 7, 2008, as denied that branch of their motion which was for summary judgment dismissing the cause of action to recover damages based upon lack of informed consent insofar as asserted against them, and the defendant Zinovy Beider separately appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages based upon lack of informed consent insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

The defendants John S. Kung and Staten Island Ophthalmology, P.C., and the defendant Zinovy Beider, separately established their prima facie entitlement to judgment as a matter of law through the submission of expert affidavits and deposition testimony (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]; *Ortaglia v Scanlon,* 35 AD3d 421 [2006]). In opposition, the plaintiff raised a triable issue of fact as to whether the defendants failed to inform her of the foreseeable risks associated with, and the alternatives to, anesthesia administered to the eye by means of a peribulbar block injection. Similarly, the plaintiff raised triable issues of fact as to whether "a reasonably prudent person in the [plaintiff's] position would not have undergone the treatment . . . if [she] had been fully informed and [whether] the lack of informed consent [was] a proximate cause of the injury or condition for which recovery [was] sought" (Public Health Law § 2805-d [3]; *see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Erdogan v Toothsavers Dental Servs., P.C.,* 57 AD3d 314, 316 [2008]; *Ortaglia v Scanlon,* 35 AD3d 421, 421-422 [2006]). Accordingly, the Supreme Court correctly denied those branches of the defendants' motions which were for summary judgment dismissing the cause of action to recover damages based upon lack of informed consent. Mastro, J.P., Eng, Belen and Hall, JJ., concur.