■ Shirley Boodoo, Respondent, v Albee Dental Care, Defendant, and John Choi, Appellant. (And a Third-Party Action.) [888 NYS2d 209]—

In an action to recover damages for dental malpractice, the defendant John Choi appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 29, 2008, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended verified complaint insofar as asserted against him as time-barred.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendant John Choi which was pursuant to CPLR 3211 (a) (5) to dismiss the amended verified complaint insofar as asserted against him as time-barred is granted.

Since it is undisputed that the statute of limitations had expired with respect to the amended verified complaint naming the defendant John Choi as a defendant, the burden was on the plaintiff to establish the applicability of the relation-back doctrine (*see Cardamone v Ricotta,* 47 AD3d 659, 660 [2008]; *Nani v Gould,* 39 AD3d 508, 509 [2007]).

In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of same conduct, transaction, or occurrence, (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits, and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well (*see Buran v Coupal,* 87 NY2d 173, 178 [1995]; *Nani v Gould,* 39 AD3d 508 [2007]).

Here, the plaintiff failed to establish that Choi knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well (*see Alvarado v Beth Israel Med. Ctr.,* 60 AD3d 981 [2009]; *Erdogan v Toothsavers Dental Servs., P.C.,* 57 AD3d 314 [2008]; *Marino v Westchester Med. Group, P.C.,* 50 AD3d 861 [2008]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.,* 42 AD3d 443 [2007]; *Cole v Tat-Sum Lee,* 309 AD2d 1165 [2003]). Accordingly, because the plaintiff did not meet her burden, that branch of Choi's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended verified complaint insofar as asserted against him should have been granted.

We note that Choi's contention concerning the plaintiff's amendment to the complaint pursuant to CPLR 1009 is not properly before this Court, as the Supreme Court denied that branch of Choi's motion by order dated January 11, 2008, and Choi did not appeal from that order. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.