■ CASTAN COMICE, Appellant, v JUSTIN'S RESTAURANT et al., Respondents, et al., Defendants. [909 NYS2d 670]—

In an action, inter alia, to recover damages for assault and battery, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated September 10, 2008, which denied his motion pursuant to CPLR 1003 for leave to amend the summons and complaint to add Andre Suite as a defendant and, in effect, pursuant to CPLR 1024 to name Andre Suite as a defendant in lieu of "John Doe."

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 1003 for leave to amend the summons and complaint to add Andre Suite as a defendant. The statute of limitations expired and the plaintiff failed to demonstrate that the relation-back doctrine was applicable (*see* CPLR 203 [f]; *Buran v Coupal*, 87 NY2d 173 [1995]). In order for claims asserted against a new defendant to relate back to the date the claims were filed against an original defendant, the plaintiff must establish, inter alia, that the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well (*see Buran v Coupal*, 87 NY2d at 178; *Arsell v Mass One LLC*, 73 AD3d 668, 669 [2010]; *Boodoo v Albee Dental Care*, 67 AD3d 717, 718 [2009]). Here, the plaintiff failed to establish that Suite knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been brought against

him as well (*see Boodoo v Albee Dental Care*, 67 AD3d at 718; *Marino v Westchester Med. Group, P.C.*, 50 AD3d 861 [2008]; *Yovane v White Plains Hosp. Ctr.*, 228 AD2d 436, 437 [1996]; *see also Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 34-35 [2009]).

Furthermore, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 1024 to name Andre Suite as a defendant in lieu of "John Doe." In order to employ the procedural mechanism made available by CPLR 1024, a plaintiff must show that he or she made timely efforts to identify the correct party before the statute of limitations expired (*see Bumpus v New York City Tr. Auth.*, 66 AD3d at 29-30; *Harris v North Shore Univ. Hosp. at Syosset*, 16 AD3d 549, 550 [2005]; *Justin v Orshan*, 14 AD3d 492, 492-493 [2005]; *Scoma v Doe*, 2 AD3d 432, 433 [2003]; *Porter v Kingsbrook OB/ GYN Assoc.*, 209 AD2d 497 [1994]). Here, the plaintiff failed to make such a showing. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.