■ LISSETTE LOPEZ, as Administratrix of the Estate of LIZZETTE RODRIGUEZ, Deceased, Respondent, v WYCKOFF HEIGHTS MEDICAL CENTER et al., Respondents, and YVON NAZAIRE, M.D., Appellant, et al., Defendants. [913 NYS2d 230]—

In an action to recover damages for medical malpractice, wrongful death, and conscious pain and suffering, the defendant Yvon Nazaire appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated February 5, 2009, as denied those branches of his motion which were for summary judgment dismissing the second amended complaint insofar as asserted against him as time-barred, and for leave to amend his answer to assert a cross claim for indemnification and thereupon for summary judgment on that cross claim or, alternatively, for severance of that cross claim.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the

defendant Yvon Nazaire which was for summary judgment dismissing the second amended complaint insofar as asserted against him as time-barred and substituting therefor a provision granting that branch of the motion, and (2) by adding thereto the words "are denied as academic" after the words "for leave to sever"; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Yvon Nazaire, payable by the plaintiff.

The defendant Yvon Nazaire contends that the Supreme Court erred in denying that branch of his motion which was for summary judgment dismissing the second amended complaint insofar as asserted against him as time-barred. We agree.

Nazaire established his prima facie entitlement to judgment as a matter of law dismissing the second amended complaint insofar as asserted against him since it is undisputed that the statute of limitations had expired prior to the plaintiff's service and filing of the second amended complaint, in which Nazaire was first named as a defendant. Accordingly, the burden then shifted to the plaintiff to raise a triable issue of fact, in opposition to that showing, as to the applicability of the "relation-back doctrine" with respect to Nazaire (*Boodoo v Albee Dental Care*, 67 AD3d 717, 718 [2009]). "In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of [the] same conduct, transaction, or occurrence, (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits, and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (*Boodoo v Albee Dental Care*, 67 AD3d at 718; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (*Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982 [2009] [internal quotation marks omitted]; *see Buran v Coupal*, 87 NY2d at 180).

Here, the plaintiff failed to raise a triable issue of fact as to the third prong of the relation-back doctrine. The record establishes that Nazaire was no longer working at the defendant hospital or employed by the defendant professional corporation at the time of the commencement of the action against those entities, and there is no evidence that he had actual or constructive knowledge within the limitations period of the

commencement of the action against them. Accordingly, the plaintiff failed to raise a triable issue of fact as to whether Nazaire knew or should have known that, but for a mistake by the plaintiff, the action would have been commenced against him as well (*see Boodoo v Albee Dental Care*, 67 AD3d at 718; *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d at 983; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444-445 [2007]).

In light of our determination, Nazaire's remaining contentions have been rendered academic. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.