■ SPINA D. KARAGIANNIS, as Administrator of the Estate of SOTIRIOS KARAGIANNIS, Deceased, et al., Appellants, v NORTH SHORE LONG ISLAND JEWISH HEALTH SYSTEMS, INC., et al., Respondents. [914 NYS2d 666]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered June 22, 2010, which denied their motion pursuant to CPLR 3025 (b) and 1003 for leave to amend the complaint to add a certain person as a defendant.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiffs' motion for leave to amend the complaint to add a certain person as a defendant, as the applicable statutes of limitations had expired prior to the determination of the motion (*see Comice v Justin's Rest.*, 78 AD3d 641 [2010]; *Battle v Brookhaven Nursing Home*, 7 AD3d 553, 554 [2004]; *Matter of Lodge v D'Aliso*, 2 AD3d 525, 526 [2003]). Although the plaintiffs' motion was made prior to the expiration of the statutes of limitations, it did not toll the running of the statutes of limitations because the plaintiffs did not file a copy of the proposed supplemental summons with the Supreme Court when they filed their motion (*see Battle v Brookhaven Nursing Home*, 7 AD3d at 554; *Matter of Lodge v D'Aliso*, 2 AD3d at 526; cf. *Perez v Paramount Communications*, 92 NY2d 749, 754-755 [1999]). The plaintiffs failed to demonstrate that the relation-back doctrine applied, as they failed to establish that the person they sought to add as a party knew or should have known that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have also been

brought against him (*see Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982-983 [2009]; *Marino v Westchester Med. Group, P.C.*, 50 AD3d 861, 862 [2008]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444-445 [2007]). Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.