NANCY STEVENS, Individually and as Administratrix of the Estate of JAMES HOMER STEVENS, Deceased, Appellant, v WINTHROP SOUTH NASSAU UNIVERSITY HEALTH SYSTEM, INC., et al., Defendants. NISHA SETHI, M.D., Nonparty Respondents. [932 NYS2d 514]—

From July 20, 2005, to July 22, 2005, the plaintiff's decedent, James Homer Stevens (hereinafter the decedent), was a patient at the defendant South Nassau Communities Hospital (hereinafter South Nassau). The hospital records reveal that, during the course of his hospitalization, the decedent was seen by several physicians, including nonparties Nisha Sethi and Shannan Tarrer.

On or about March 28, 2007, the plaintiff commenced the instant action to recover damages for medical malpractice, wrongful death, lack of informed consent, and loss of services against, among others, South Nassau. Significantly, notwithstanding the fact that Sethi and Tarrer were clearly identified in the hospital records as having seen the decedent, neither Sethi nor Tarrer were named as defendants. In June 2010, close to five years after the subject hospitalization and more than three years after the commencement of the instant action, the plaintiff moved pursuant to CPLR 203 (b) and 3025 (b) for leave to amend the complaint to add Sethi and Tarrer as defendants. Although the statute of limitations had expired with regard to Sethi and Tarrer, the plaintiff argued that the relation-back doctrine applied. The Supreme Court denied the motion, applying the doctrine of laches. Further, contrary to this Court's holding in *Lucido v Mancuso* (49 AD3d 220, 229 [2008]), the Supreme Court erroneously faulted the plaintiff for failing to submit an affidavit of merit. We affirm, albeit for reasons different from those stated by the Supreme Court.

"The relation-back doctrine, which is codified in CPLR 203 (b), allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against a codefendant for statute of limitations purposes where the two defendants are 'united in interest' " (*Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444 [2007], quoting *Buran v Coupal*, 87 NY2d 173, 177 [1995]; *see Matter of Murphy v Kirkland*, 88 AD3d 267 [2011]). In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (*see Buran v Coupal*, 87 NY2d at 178; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219 [1992]; *Matter of Adler v Hooper*, 87 AD3d 633 [2011]; *Lopez v Wyckoff Hgts. Med. Ctr.*, 78 AD3d 664, 665 [2010]). "The 'linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (*Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982 [2009]).

Here, assuming that the plaintiff satisfied the first two prongs of the three-part test, the plaintiff failed to satisfy the third prong. The record is devoid of any evidence that Sethi or Tarrer was aware that a malpractice action had been commenced against South Nassau until they were subpoenaed to testify as nonparty witnesses. At the time of their nonparty depositions, over four years had elapsed since the subject hospitalization. Further, the plaintiff failed to establish that Sethi or Tarrer knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, this action would have been brought against them as well (*see Karagiannis v North Shore Long Is. Jewish Health Sys., Inc.*, 80 AD3d 569, 569-570 [2011]; *Comice v Justin's Rest.*, 78 AD3d 641, 641-642 [2010]; *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d at 983; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d at 444-445). Accordingly, under these circumstances, the plaintiff's motion pursuant to CPLR 203 (b) and 3025 (b) for leave to amend the complaint to add Sethi and Tarrer as defendants was properly denied.

In light of our determination, we do not consider the

plaintiff's remaining contention. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.