■ JANE WILSON, Respondent, v SOUTHAMPTON URGENT MEDICAL CARE, P.C., et al., Defendants, and ANDREA LIBUTTI, Appellant. [11 NYS3d 587]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 1, 2014, which, upon renewal, denied defendant Andrea Libutti's motion for summary judgment dismissing plaintiff's claims against her as time barred, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the action as against defendant Libutti.

We previously found that questions of fact existed as to whether the decedent's visits to defendant doctors from September 1, 2003 and July 21, 2005 were part of a continuous treatment for symptoms (headaches) that were ultimately traced to her metastasized lung cancer, making those claims for treatment that occurred before June 4, 2005 timely (*see Wilson v Southampton Urgent Med. Care, P.C.*, 112 AD3d 499 [1st Dept 2013]). On that appeal, Libutti also argued that the action should be dismissed as against her because she was not added as an additional defendant until March 31, 2008, more than 2½ years after the decedent was last treated at defendant Southampton Urgent Medical Care, P.C. (Urgent Care) on July 21, 2005. Although the issue was improperly raised for the first time on that appeal, we directed that she be afforded the opportunity to renew her motion on that ground.

Upon renewal, the action against Libutti should have been dismissed since plaintiff failed to establish that the relation back doctrine should apply to make the action timely as against Libutti (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Garcia v New York-Presbyt. Hosp.*, 114 AD3d 615, 615 [1st Dept 2014]). Here, plaintiff failed to satisfy the third prong of the *Buran* test. There is no evidence Libutti was aware of this lawsuit until she was served with the complaint after the expiration of the statute of limitations (*see Garcia*, 114 AD3d at 616; *Lopez v*

*Wyckoff Hgts. Med. Ctr.*, 78 AD3d 664, 665 [2d Dept 2010]). Similarly, plaintiff failed to show that Libutti knew, or should have known that plaintiff intended to sue her (*see Garcia*, 114 AD3d at 615). Libutti stated that she was unaware of this action until she was served, and nothing in the record contradicts her statement (*id.*). Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.