■ Maria Rose Gallimore, Appellant, v Karen M. Allison, M.D., et al., Respondents, et al., Defendant. [34 NYS3d 446]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered July 14, 2015, to the extent appealed from as limited by the briefs, dismissing the complaint as against defendants Karen M. Allison, M.D. and Karen M. Allison, M.D., P.C., and bringing up for review an order, same court and Justice, entered on or about June 23, 2015, which, inter alia, granted defendants' motion for summary judgment, unanimously modified, on the law, to deny the motion to the extent it seeks summary dismissal of the cause of action alleging lack of informed consent, and otherwise affirmed, without costs.

The court properly granted the motion of defendants Karen M. Allison, M.D., an ophthalmologist, and her P.C., for summary judgment dismissing the malpractice claim arising from the care rendered to plaintiff in the performance of cataract extraction surgery. Defendants, by their expert, demonstrated, prima facie, that Dr. Allison took an adequate medical history from plaintiff, but plaintiff failed to disclose that she carried the sickle cell trait. Defendants' expert further established that Dr. Allison did not depart from accepted medical practices during the surgery, and opined that it was the surgeon who chose which anaesthesia to use and that all options available to Dr. Allison were proper.

In opposition, plaintiff's expert failed to raise a triable issue of fact on her malpractice claims. Plaintiff's expert's opinion that Dr. Allison's use of a retrobulbar anaesthetic injection caused plaintiff's arterial occlusion cannot cast her in damages, since the expert opined that the arterial occlusion arose from either a retrobulbar hemorrhage—which an MRI showed was not present—or sickling of hemoglobin in a "patient who is sickle cell trait positive," a condition about which Dr. Allison had no knowledge.

While plaintiff's expert further opined that Dr. Allison was negligent in the administration of the injection itself, the expert failed to explain what she did that was negligent. This failure rendered the opinion conclusory, and insufficient to defeat defendants' motion for summary judgment (*Roques v Noble*, 73 AD3d 204, 207 [1st Dept 2010]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]).

In opposition to defendants' prima facie showing that Dr. Allison adequately informed plaintiff of all the risks, benefits and alternatives to cataract surgery, plaintiff raised issues of fact as to whether Dr. Allison informed her of the potential

complications associated with the anaesthetic injection Dr. Allison administered and the available alternatives thereto (*D'Esposito v Kung*, 65 AD3d 1007, 1008 [2d Dept 2009]; *see Janeczko v Russell*, 46 AD3d 324, 325 [1st Dept 2007]). Accordingly, plaintiff's cause of action alleging lack of informed consent is reinstated. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.