Mignone v Nyack Hosp. (2023 NY Slip Op 00315)

Mignone v Nyack Hosp.

2023 NY Slip Op 00315

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-00547
 (Index No. 35463/18)

[*1]Kimberly Mignone, respondent, 
v
Nyack Hospital, et al., defendants, Arup Bhadra, etc., appellant (and a third-party action).

Vouté, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains, NY (Howard S. Jacobowitz and Matthew Bialor of counsel), for appellant.
Gersowitz Libo & Korek, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Arup Bhadra appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated December 23, 2020. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On April 23, 2016, the plaintiff sustained a left tibial and fibular shaft fracture during a soccer game at West Point and was taken by ambulance to West Point's medical center. At the request of her family, the plaintiff was transferred to the defendant Nyack Hospital, where she presented to the emergency room. On April 24, 2016, at Nyack Hospital, the defendant Arup Bhadra, an orthopedic surgeon employed by nonparty Northeast Orthopedics and Sports Medicine, P.C. (hereinafter Northeast Orthopedics), performed an open reduction and internal fixation to repair the plaintiff's left tibia fracture. The plaintiff alleged that her postoperative treatment was complicated by compartment syndrome, which the plaintiff alleged was not timely diagnosed and appropriately repaired. On April 25, 2016, at Nyack Hospital, the defendant Theresa Impeduglia performed a decompression fasciotomy on the plaintiff, and the plaintiff was discharged from Nyack Hospital on April 26, 2016.
After the plaintiff timely commenced this medical malpractice action against Nyack Hospital and Impeduglia, Impeduglia commenced a third-party action against Bhadra for indemnification and contribution. Thereafter, the plaintiff filed an amended complaint adding Bhadra as a defendant. Bhadra moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred. The Supreme Court denied the motion, and Bhadra appeals.
It is undisputed that the relevant statute of limitations had expired by the time the plaintiff amended the complaint to add Bhadra as a defendant in the main action (see CPLR 214-a). However, the plaintiff sought to apply the relation-back doctrine to Bhadra (see Rivera v Wyckoff [*2]Hgts. Med. Ctr., 175 AD3d 522, 523; Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982). In order to establish the applicability of the relation-back doctrine, a plaintiff must demonstrate that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his or her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well (see Buran v Coupal, 87 NY2d 173, 178). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Petruzzi v Purow, 180 AD3d 1083, 1084 [internal quotation marks omitted]).
Here, the Supreme Court properly determined that the plaintiff satisfied the three-part test for the applicability of the relation-back doctrine. Initially, Bhadra does not dispute that the first prong of the three-part test was satisfied.
Contrary to Bhadra's contention, the plaintiff satisfied the second prong of the test, as the plaintiff established that Bhadra and Nyack Hospital were united in interest (see id. at 1084-1085; Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d at 524; see also Goffredo v St. Luke's Cornwall Hosp., 194 AD3d 699, 700). "Where, as here, a patient enters a hospital through its emergency room seeking treatment from the hospital, and not from a particular physician of the patient's choosing, the hospital may be held vicariously liable for the negligence of the treating physician, an independent contractor, under a theory of apparent agency" (Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d at 524). The vicarious liability of the hospital allows for a finding of unity of interest (see id. at 524-525). Although the plaintiff chose to be transferred to Nyack Hospital, she was admitted to Nyack Hospital through the emergency room. The record further established that Bhadra was assigned to treat the plaintiff by Nyack Hospital, and there is no evidence in the record that the plaintiff went to Nyack Hospital specifically seeking treatment from either Bhadra or Northeast Orthopedics rather than from the hospital itself (cf. Gardner v Brookdale Hosp. Med. Ctr., 73 AD3d 1124, 1125; Christopherson v Queens-Long Is. Med. Group, P.C., 17 AD3d 393, 394; see generally Sessa v Peconic Bay Med. Ctr., 200 AD3d 1085, 1090; Loaiza v Lam, 107 AD3d 951, 953; Finnin v St. Barnabas Hosp., 306 AD2d 189, 189).
Contrary to Bhadra's further contention, the plaintiff satisfied the third prong of the test, which focuses, inter alia, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all 'and that the matter has been laid to rest as far as he [or she] is concerned'" (Buran v Coupal, 87 NY2d at 181 [emphasis omitted], quoting Brock v Bua, 83 AD2d 61, 70; see Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 42 AD3d 443, 444). The plaintiff's medical records from Nyack Hospital contain several notes authored by Bhadra, the plaintiff developed compartment syndrome shortly after the surgery performed by Bhadra, and Bhadra was aware that the plaintiff developed compartment syndrome, as evidenced by the discharge summary he wrote. Given these facts, it would not have been reasonable for Bhadra to conclude that the plaintiff intended to proceed against only the defendants named in the original complaint (see OneWest Bank N.A. v Muller, 189 AD3d 853, 853; Petruzzi v Purow, 180 AD3d at 1085; Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d at 525; Roseman v Baranowski, 120 AD3d 482, 484-485). In addition, the plaintiff demonstrated that the failure to name Bhadra in the original complaint was the result of a mistake, and there was no need to show that the mistake was excusable (see Buran v Coupal, 87 NY2d at 179-180).
Accordingly, the Supreme Court properly denied Bhadra's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court