Bass v Garnet Health Med. Center-Catskills

2026 NY Slip Op 02386

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Helen Bass, etc., appellant, et al., plaintiff,

v

Garnet Health Medical Center-Catskills, etc., et al., defendants, Funsho Busari-Alabi, etc., et al., respondents (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-03158, (Index No. 612315/20)

Betsy Barros, J.P.

Linda Christopher

Barry E. Warhit

Helen Voutsinas, JJ.

Held & Hines, LLP, Brooklyn, NY (Philip M. Hines of counsel), for appellant.

Vouté, Lohrfink, McAndrew & Meisner, LLP, White Plains, NY (Evan J. Lyman of counsel), for respondents Funsho Busari-Alabi and Sullivan Emergency Services, P.C.

Arciero & Burgess, P.C., New Windsor, NY (Dena Berke of counsel), for respondents Faith Reeves and Ramapo Anesthesiologists, P.C.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff Helen Bass appeals from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated November 29, 2023. The order granted those branches of the separate motions of the defendants Funsho Busari-Alabi and Sullivan Emergency Services, P.C., and the defendants Faith Reeves and Ramapo Anesthesiologists, P.C., which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them.

ORDERED that the order is affirmed, with one bill of costs.

On November 3, 2020, Helen Bass, individually and as administrator of the estate of the deceased infant (hereinafter the decedent), and another, commenced this action against, among others, the defendant Garnet Health Medical Center-Catskills (hereinafter the medical center), inter alia, to recover damages for medical malpractice and wrongful death in connection with treatment rendered to the decedent in the medical center's emergency department on April 28, 2018. On March 9, 2023, the medical center commenced a third-party action asserting causes of action for indemnification and contribution against Funsho Busari-Alabi and Faith Reeves, who both allegedly treated the decedent in the medical center's emergency department, Sullivan Emergency Services, P.C. (hereinafter Sullivan), and Ramapo Anesthesiologists, P.C. (hereinafter Ramapo). On March 24, 2023, the plaintiffs filed an amended summons and complaint adding Busari-Alabi, Sullivan (hereinafter together the Sullivan defendants), Reeves, and Ramapo (hereinafter together the Ramapo defendants) as additional defendants in the main action.

Thereafter, the Sullivan defendants and the Ramapo defendants separately moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them as time-barred. The plaintiffs opposed the motions. In an order dated [*2]November 29, 2023, the Supreme Court, inter alia, granted those branches of the separate motions. Bass appeals.

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Raymond James Bank v Guzzetti, 240 AD3d 631, 632). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752; see Randolph v Fox, 230 AD3d 1173, 1173).

Here, the Sullivan defendants and the Ramapo defendants each demonstrated that the relevant statute of limitations had expired by the time the plaintiffs amended the complaint to add the Sullivan defendants and the Ramapo defendants as additional defendants in the main action (see CPLR 214[5]; 214-a; EPTL 5-4.1[1]). Consequently, the burden shifted to the plaintiffs to raise a question of fact as to whether the relation-back doctrine applied (see Fitzpatrick v City of New York, 232 AD3d 670, 672; Sanders v Guida, 213 AD3d 712, 714).

"In order to establish the applicability of the relation-back doctrine, a plaintiff must demonstrate that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his or her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well" (Mignone v Nyack Hosp., 212 AD3d 802, 803; see Buran v Coupal, 87 NY2d 173, 178). "The 'linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982, citing Buran v Coupal, 87 NY2d at 180).

Here, the plaintiffs satisfied the first prong of the three-prong test by demonstrating that the causes of action against the Sullivan defendants and the Ramapo defendants arose out of the same occurrence as the causes of action against the medical center (see Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d 522, 524). Additionally, the plaintiffs satisfied the second prong of the relation-back doctrine. "Where, as here, a patient enters a hospital through its emergency room seeking treatment from the hospital, and not from a particular physician of the patient's choosing, the hospital may be held vicariously liable for the negligence of the treating physician, an independent contractor, under a theory of apparent agency" (id.; see Mignone v Nyack Hosp., 212 AD3d at 803). "The vicarious liability of the hospital allows for a finding of unity of interest" (Mignone v Nyack Hosp., 212 AD3d at 803; see Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d at 524-525). The record reflects that the plaintiffs entered the medical center through its emergency department seeking treatment for the decedent from the medical center, and there is no evidence in the record that the plaintiffs went to the medical center specifically seeking treatment for the decedent from the Sullivan defendants or the Ramapo defendants rather than from the medical center itself (see Mignone v Nyack Hosp., 212 AD3d at 803; cf. Gardner v Brookdale Hosp. Med. Ctr., 73 AD3d 1124, 1125).

However, the plaintiffs failed to satisfy the third prong of the three-prong test, which focuses, among other things, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he [or she] is concerned" (Buran v Coupal, 87 NY2d at 181 [emphasis and internal quotation marks omitted]; see Sanders v Guida, 213 AD3d at 716). There is no evidence in the record that the Sullivan defendants or the Ramapo defendants had notice that an action had been commenced against the medical center until October 2021, when Busari-Alabi and Reeves were served with subpoenas to appear for nonparty depositions. By that time, the statute of limitations for the causes of action alleging wrongful death and medical malpractice had expired. Moreover, the plaintiffs still did not seek to add the Sullivan defendants or the Ramapo defendants as additional defendants in the main action until March 24, 2023, nearly five years after the decedent's death. The plaintiffs failed to establish that the Sullivan defendants [*3]or the Ramapo defendants knew that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have been brought against them as well (see Sanders v Guida, 213 AD3d at 716; Stevens v Winthrop S. Nassau Univ. Health Sys., Inc., 89 AD3d 835, 836). Under the circumstances, the Sullivan defendants and the Ramapo defendants could have reasonably concluded that the plaintiffs "had no intent to sue [them], and thus, that the matter had been laid to rest" (Alvarado v Beth Israel Med. Ctr., 60 AD3d at 983; see Sanders v Guida, 213 AD3d at 717).

Accordingly, the Supreme Court properly granted those branches of the separate motions of the Sullivan defendants and the Ramapo defendants which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them as time-barred.

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court