Petruzzi v Purow (2020 NY Slip Op 01372)





Petruzzi v Purow


2020 NY Slip Op 01372


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2019-00277
 (Index No. 151861/17)

[*1]Michael Petruzzi, etc., respondent,
v
Elias Purow, etc., et al., defendants; Jeffrey Abergel, etc., nonparty-appellant.


DeCorato Cohen Sheehan & Federico, LLP, New York, NY (Joshua R. Cohen, Amanda L. Tate, and Timothy J. Sheehan of counsel), for nonparty-appellant.
Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, nonparty Jeffrey Abergel appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 12, 2018. The order granted the plaintiff's motion pursuant to CPLR 1003 for leave to amend the complaint to add nonparty Jeffrey Abergel as a defendant in the action.
ORDERED that the order is affirmed, with costs.
On June 4, 2015, the plaintiff's decedent was admitted to Staten Island University Hospital (hereinafter SIUH) with fever, abdominal pain, and blood in her stool. The decedent underwent an upper endoscopy and colonoscopy on June 10, 2015. Following a diagnosis of ulcerative colitis, the decedent was transferred to Mt. Sinai Medical Center on June 26, 2015. She was discharged from Mt. Sinai Medical Center on July 11, 2015, with instructions to follow up with Purow, M.D., Shaps, M.D., P.C. (hereinafter the P.C.), for further treatment and outpatient care.
The decedent visited the P.C.'s office for outpatient care on July 13, 2015, and August 4, 2015. However, on August 6, 2015, she was readmitted to SIUH and stayed until August 13, 2015. The decedent next visited the P.C.'s office on September 11, 2015, and on that visit, was seen by nonparty Jeffrey Abergel, a physician employed by the P.C.
Six days later, on September 17, 2015, the decedent was taken to SIUH by ambulance as a result of abdominal pain, nausea, vomiting, diarrhea, and syncopal episodes. On September 19, 2015, she underwent a diagnostic laparoscopy with conversion to an open exploratory laparotomy and was diagnosed with a perforated and gangrenous left colon. As a result, the decedent's entire colon, except for the middle and distal rectum, was surgically removed. Abergel visited the decedent at SIUH on September 21, 2015, but the decedent was intubated and unresponsive. On September 26, 2015, the decedent died.
In August 2017, the plaintiff commenced this action against physician Elias Purow [*2]and the P.C. to recover damages for medical malpractice and wrongful death. On August 24, 2018, after conducting depositions of Purow and Abergel, the plaintiff moved pursuant to CPLR 1003 for leave to amend the complaint to add Abergel as a defendant in the action. The Supreme Court granted the plaintiff's motion, and Abergel appeals.
As there is no dispute that the statute of limitations to assert a cause of action alleging wrongful death or medical malpractice against Abergel had expired at the time of the motion for leave to amend (see EPTL 5-4.1; CPLR 214-a), whether Abergel may be named an additional defendant depends on whether the relation-back doctrine applies (see CPLR 203[b]; Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d 522, 523; Montalvo v Madjek, Inc., 131 AD3d 678, 679).
A plaintiff must establish the applicability of the relation-back doctrine by demonstrating that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his of her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well (see Buran v Coupal, 87 NY2d 173, 178; Brock v Bua, 83 AD2d 61, 69). "The linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982).
Here, we agree with the Supreme Court that the first prong of the three-part test was satisfied. The causes of action arose out of the same conduct, to wit, the alleged negligence by Purow and Abergel in the course of treating the decedent for her ulcerative colitis at the P.C.'s office, which they each did within the scope of their employment with the P.C. (see Roseman v Baranowski, 120 AD3d 482, 484).
Further, we agree with the Supreme Court that the second prong of the test, requiring unity of interest, was satisfied. Where, as here, a physician working for a professional corporation renders medical care to a patient within the scope of his or her employment, the professional corporation is considered vicariously liable for the negligence of the physician (see Business Corporation Law § 1505[a]; Nani v Gould, 39 AD3d 508, 509-510; Connell v Hayden, 83 AD2d 30, 50). The vicarious liability of the P.C. allows for a finding of unity of interest with Abergel, "regardless of whether the actual wrongdoer or the person or entity sought to be charged vicariously was served first'" (Nani v Gould, 39 AD3d at 509-510, quoting Connell v Hayden, 83 AD2d at 48).
We also agree with the Supreme Court's determination that the plaintiff satisfied the third prong of the test, which focuses, inter alia, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he [or she] is concerned'" (Buran v Coupal, 87 NY2d at 181 [emphasis omitted], quoting Brock v Bua, 83 AD2d at 70). The decedent's medical records from the P.C. included several notes signed by Abergel, and clearly and repeatedly referenced Abergel as a physician who treated the decedent as part of the care rendered to the decedent by the P.C. Such records included, among other things, prescriptions, a colonoscopy procedure report, handwritten notes from the decedent's last visit to the P.C.'s office on September 11, 2015, and handwritten notes from when Abergel saw the decedent in the hospital after her surgery on September 21, 2015, just days before her death. Given these facts, it would not have been reasonable for Abergel to conclude that the plaintiff intended to proceed only against the defendants named in the original complaint, especially since the decedent was hospitalized soon after her last appointment with Abergel on September 11, 2015, required surgery thereafter, and died on September 26, 2015, and the bill of particulars asserted specific allegations of negligence relating to the failure to realize and appreciate the risks associated with attempting to treat the decedent on an outpatient basis (see Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d at 525; Roseman v Baranowski, 120 AD3d at 484-485). In addition, the plaintiff demonstrated that the failure to originally name Abergel as a defendant was the result of a mistake, and there was no need to show that such mistake was excusable (see Buran v Coupal, 87 NY2d at 179-180).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion pursuant to CPLR 1003 for leave to amend the complaint to add Abergel as a defendant in the action.
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court