Sanders v Guida (2023 NY Slip Op 00455)

Sanders v Guida

2023 NY Slip Op 00455

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-12848 
2020-04926
 (Index No. 66636/14)

[*1]Gail Sanders, etc., respondent, 
v
Anthony Guida, etc., et al., defendants, Carissa Romano, etc., et al., appellants.

Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for appellant Carissa Romano.
Wagner, Doman, Leto & DiLeo, P.C., Mineola, NY (Deborah C. Sturm and Stuart J. Manzione of counsel), for appellant Rose Mary Kyriacou.
Blau Leonard Law Group, LLC, Huntington, NY (Steven Bennett Blau and Shelly Leonard of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the defendant Carissa Romano appeals from (1) an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 7, 2019, and (2) an order of the same court dated June 12, 2020, and the defendant Rose Mary Kyriacou separately appeals from the order dated June 12, 2020. The order dated October 7, 2019, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Carissa Romano as a defendant in the action. The order dated June 12, 2020, insofar as appealed from by the defendant Carissa Romano, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred. The order dated June 12, 2020, insofar as appealed from by the defendant Rose Mary Kyriacou, denied that defendant's separate motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred.
ORDERED that the order dated October 7, 2019, is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Carissa Romano as a defendant in the action is denied; and it is further,
ORDERED that the appeal by the defendant Carissa Romano from so much of the order dated June 12, 2020, as denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred is dismissed as academic in light of our determination on the appeal from the order dated October 7, 2019; and it is further,
ORDERED that the order dated June 12, 2020, is reversed insofar as appealed from [*2]by the defendant Rose Mary Kyriacou, on the law, and the motion of the defendant Rose Mary Kyriacou pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The defendants Anthony Guida, Leonard P. Savino, Robert V. Sica, and Joseph Gigante (hereinafter collectively the doctor defendants) were the individual partners of a family medical practice, Guida & Savino, LLP (hereinafter the practice). The plaintiff's decedent, Kevin Sanders (hereinafter the decedent), was a patient of the practice from approximately July 2000 until his death in August 2012, from prostate cancer.
In August 2014, the plaintiff, individually and as administrator of the decedent's estate, commenced this action against the doctor defendants, and another, alleging causes of action sounding in medical malpractice and wrongful death, based on, inter alia, the doctor defendants' failure to properly diagnosis and treat the decedent's prostate cancer. In November 2016, after conducting the depositions of Guida and Savino, the plaintiff moved, among other things, pursuant to CPLR 3025(b) for leave to amend the complaint to add Carissa Romano and Rose Mary Kyriacou as defendants in the action. Romano and Kyriacou (hereinafter together the PA defendants) were formerly employed by the practice as physician's assistants and allegedly provided treatment and care to the decedent. Romano opposed the motion. In an order dated October 7, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion.
In November 2019, Romano moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred. Kyriacou separately moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred. In an order dated June 12, 2020, the Supreme Court, inter alia, denied that branch of Romano's motion and denied Kyriacou's separate motion. Romano appeals from so much of the order dated October 7, 2019, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Romano as a defendant, and the PA defendants separately appeal from the order dated June 12, 2020.
There is no dispute that the statute of limitations to interpose a cause of action alleging wrongful death or medical malpractice against the PA defendants had expired at the time of the motion for leave to amend the complaint to add them as additional defendants (see EPTL 5-4.1; CPLR 214-a). Thus, whether this action may be maintained against the PA defendants depends on whether the relation-back doctrine applies, with the burden being on the plaintiff to establish the application of the doctrine (see CPLR 203[b], [f]; Petruzzi v Purow, 180 AD3d 1083, 1084; Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d 522, 523).
In order to establish the applicability of the relation-back doctrine, the plaintiff must demonstrate that: (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his or her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well (see Buran v Coupal, 87 NY2d 173, 178; Petruzzi v Purow, 180 AD3d at 1084). "'The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period'" (Petruzzi v Purow, 180 AD3d at 1084, quoting Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982 [internal quotation marks omitted]).
Here, the first prong of the three-part test was satisfied. The causes of action arose out of the same conduct, to wit, the alleged negligence of the doctor defendants and the PA defendants in providing medical care and treatment to the decedent, which they all did within the scope of their employment with the practice.
However, the plaintiff failed to satisfy the second prong of the test. "Parties are united in interest if their interest in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 800 [internal quotation marks omitted]; see Mondello v New York Blood Ctr.Greater N.Y. Blood Program, 80 NY2d 219, 226). In a negligence or malpractice action "the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other" (Connell v Hayden, 83 AD2d 30, 45; see Mileski v MSC Indus. Direct Co., Inc., 138 AD3d at 800). Here, the plaintiff has failed to establish that the PA defendants are united in interest with the doctor defendants, as she has failed to show that the doctor defendants are vicariously liable for the PA's alleged negligent acts or omissions. As the PA defendants were employed by the practice, not the individual doctor defendants, there is no vicarious liability based on respondeat superior (cf. Petruzzi v Purow, 180 AD3d at 1085). Moreover, the plaintiff has failed to establish that the doctor defendants are vicariously liable for any alleged negligence of the PA defendants based on any alleged failure to properly supervise (see Connell v Hayden, 83 AD2d at 50-52, 58-59; cf. Partnership Law § 26[c][i]). Further, while "[a] physician can be held vicariously liable for another physician's active negligence if the physician had 'some control of' the actively negligent physician's 'course of treatment' of a patient" (Ross v Mandeville, 45 AD3d 755, 757, quoting Kavanaugh v Nussbaum, 71 NY2d 535, 547; see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 549, 552), here, the plaintiff failed to set forth sufficient facts to demonstrate that the PA defendants were directly supervised or controlled by the doctor defendants in their care and treatment of the decedent (see generally Oviedo v Weinstein, 102 AD3d 844, 847). Contrary to the plaintiff's further contention, the imposition of a duty to supervise the PA defendants (see e.g. Education Law § 6542; 10 NYCRR 94.2[f]), is not proof that the duty was discharged, or that the doctor defendants actually wielded control over the care and treatment rendered to the decedent by the PA defendants. Thus, no finding of vicarious liability can be made predicated upon the doctor defendants' "control in fact" over the alleged negligent acts of the PA defendants (Kavanaugh v Nussbaum, 71 NY2d at 547; see Ross v Mandeville, 45 AD3d at 757).
The plaintiff also failed to satisfy the third prong of the three-part test, which focuses, inter alia, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he [or she] is concerned" (Buran v Coupal, 87 NY2d at 181 [emphasis and internal quotation marks omitted]; see Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d at 525). The record is devoid of evidence that the PA defendants had notice that an action had been commenced against the doctor defendants prior to the expiration in 2014 of the statute of limitations for the medical malpractice and wrongful death causes of action. Kyriacou, who was employed by the practice from July 2010 through February 2012, did not become aware of the fact that an action had been commenced against the doctor defendants until October 31, 2019, when she was served with a supplemental summons and amended complaint that included her as a defendant, more than 7½ years after she had last treated the decedent and left the employment of the practice, and more than 5 years after the action had been commenced in August 2014. Romano, who was employed by the practice in November 2014, first became aware of the action against the doctor defendants on August 1, 2016, when she was served with a subpoena to appear for a nonparty deposition, approximately 4 years after the decedent's death on August 31, 2012. The plaintiff failed to establish that the PA defendants knew that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against them as well (see Garcia v New York-Presbyt. Hosp., 114 AD3d 615, 616; Stevens v Winthrop S. Nassau Univ. Health Sys., Inc., 89 AD3d 835, 836; Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 983). Under the circumstances, the PA defendants could have reasonably concluded that the plaintiff "had no intent to sue [them], and thus, that the matter had been laid to rest" (Alvarado v Beth Israel Med. Ctr., 60 AD3d at 983).
Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Romano as a defendant, and should have granted Kyriacou's motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court