Dixon v Jones (2023 NY Slip Op 03336)

Dixon v Jones

2023 NY Slip Op 03336

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-14260 
2020-03253
 (Index No. 601154/16)

[*1]Chantel Dixon, et al., respondents, 
v
Monique De Four Jones, etc., et al., defendants, Kristen Smith, etc., appellant.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Megan A. Lawless of counsel), for appellant.
Law Offices of Daniel A. Thomas, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Kristen Smith appeals from (1) an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered November 21, 2019, and (2) an order of the same court entered March 9, 2020. The order entered November 21, 2019, insofar as appealed from, granted that branch of the plaintiffs' motion which was for leave to amend the complaint to add Kristen Smith as a party defendant. The order entered March 9, 2020, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order entered November 21, 2019, granting that branch of the plaintiffs' motion which was for leave to amend the complaint to add Kristen Smith as a party defendant.
ORDERED that the appeal from the order entered November 21, 2019, is dismissed, as the portion of the order appealed from was superseded by the order entered March 9, 2020, made upon renewal and reargument; and it is further,
ORDERED that the order entered March 9, 2020, is reversed insofar as appealed from, on the law, and, upon renewal and reargument, so much of the order entered November 21, 2019, as granted that branch of the plaintiffs' motion which was for leave to amend the complaint to add Kristen Smith as a party defendant is vacated, and thereupon, that branch of the motion is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
From June 2011 through February 2015, the plaintiff Chantel Dixon (hereinafter the injured plaintiff) was a patient of the defendant Monique De Four Jones, who owned the defendant Monique De Four Jones, M.D., P.C. (hereinafter the practice). The appellant was a physician's assistant employed by the practice, who treated the injured plaintiff throughout this time. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice by filing a summons and complaint on February 22, 2016. The complaint named Jones and the practice as defendants, but did not name the appellant as a defendant.
On May 2, 2019, the plaintiffs moved, inter alia, for leave to amend the complaint to add the appellant as a party defendant. While the plaintiffs admitted that the statute of limitations had run on their medical malpractice claim, they argued that the relation-back doctrine applied to the appellant. The plaintiffs conceded that "there is no dispute that [the appellant] was known to the Plaintiffs from the outset of the litigation," but claimed that they mistakenly believed that she was covered by the practice's insurance policy by virtue of her status as an employee. In an order entered November 21, 2019, the Supreme Court, among other things, granted that branch of the plaintiffs' motion which was for leave to amend the complaint, finding that the relation-back doctrine applied to the appellant.
On December 20, 2019, the appellant moved, inter alia, for leave to renew and reargue her opposition to that branch of the plaintiffs' motion which was for leave to amend the complaint to add her as a party defendant. In an order entered March 9, 2020, the Supreme Court, among other things, granted the appellant leave to renew and reargue, but, upon renewal and reargument, adhered to its prior determination granting that branch of the plaintiffs' motion. This appeal ensued.
The Supreme Court erred in, upon renewal and reargument, adhering to its prior determination granting that branch of the plaintiffs' motion which was for leave to amend the complaint to add the appellant as a party defendant. There is no dispute that the plaintiffs' motion was made outside of the statutory limitations period of 2½ years for a medical malpractice claim (see CPLR 214-a). Once it has been established that the statute of limitations has run on a claim, "the plaintiff bears the burden of demonstrating the applicability of the relation-back doctrine" (Cintron v Lynn, 306 AD2d 118, 119). "In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiffs must establish that (1) both claims arose out of [the] same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have been brought against him [or her] as well" (Nani v Gould, 39 AD3d 508, 509; see Myung Hwa Jang v Mang, 164 AD3d 803, 804; Lopez v Wyckoff Hgts. Med. Ctr., 78 AD3d 664, 665). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Petruzzi v Purow, 180 AD3d 1083, 1084 [internal quotation marks omitted]).
Here, the plaintiffs failed to meet their burden as to the third prong of the relation-back doctrine. The record establishes that the appellant was no longer working for the practice at the time of the commencement of the action, and there is no evidence that she had actual or constructive knowledge within the limitations period of the commencement of the action (see Lopez v Wyckoff Hgts. Med. Ctr., 78 AD3d at 665-666; Cintron v Lynn, 306 AD2d at 120). Accordingly, under these circumstances, the plaintiffs failed to establish that the appellant knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been commenced against her as well (see Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 42 AD3d 443, 445).
The appellant's remaining contention need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court