Patterson v Nassau County Social Servs. Dept. (2024 NY Slip Op 04777)

Patterson v Nassau County Social Servs. Dept.

2024 NY Slip Op 04777

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-09315
 (Index No. 900148/20)

[*1]Shakeyia Patterson, appellant, 
v
Nassau County Social Services Department, et al., defendants third-party plaintiffs, et al., defendants; SCO Family of Services, etc., third-party defendant-respondent.

Merson Law, PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Scahill Law Group, Bethpage, NY (Keri A. Wehrheim of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered August 25, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to amend the complaint to add the third-party defendant as a defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2020, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g; hereinafter CVA) against Nassau County Social Services Department and Nassau County Social Services Department: Child & Family Services (hereinafter together the Nassau County defendants), Doe Williams, Mother Doe Williams, and Jamel Doe. The plaintiff alleged that in 1989, the Nassau County defendants placed the plaintiff, who was then approximately 11 years old, in the foster home of Mother Doe Williams, where the plaintiff was sexually abused by two other children living in the home, Doe Williams and Jamel Doe. The sexual abuse is alleged to have occurred in 1989. In May 2022, the Nassau County defendants commenced a third-party action against SCO Family of Services (hereinafter SCO), seeking common-law indemnification and/or contribution, and contractual indemnification. The Nassau County defendants alleged, inter alia, that Mother Doe Williams had been accredited or certified as a foster parent by SCO, and that the foster home where the sexual abuse of the plaintiff is alleged to have occurred had been made available to the Nassau County defendants by SCO pursuant to an agreement between the Nassau County defendants and SCO.
In April 2023, the plaintiff moved, inter alia, for leave to amend the complaint to add SCO as a defendant. While the plaintiff acknowledged that the statute of limitations had expired on the CVA claim, she argued that the relation-back doctrine allowed the claims against SCO to relate back to the claims previously asserted against the Nassau County defendants. In an order entered August 25, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for leave to amend the complaint to add SCO as a defendant. The plaintiff appeals.
"Once it has been established that the statute of limitations has run on a claim, the [*2]plaintiff bears the burden of demonstrating the applicability of the relation-back doctrine" (Dixon v Jones, 217 AD3d 838, 840 [internal quotation marks omitted]; see Sanders v Guida, 213 AD3d 712, 714). The relation-back doctrine, which is codified in CPLR 203(c), allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against another defendant for statute of limitations purposes where the two defendants are "united in interest" (Sanders v Guida, 213 AD3d at 714; see Buran v Coupal, 87 NY2d 173, 177; Kunwar v Northwell Health, 229 AD3d 528, 530-531; Wilson v Rye Family Realty, LLC, 218 AD3d 836, 838). In order for the relation-back doctrine to apply, the plaintiff must establish that "(1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the commencement of the action such that it will not be prejudiced in maintaining its defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff[ ] as to the identity of the proper parties, the action would have been brought against it as well" (Montalvo v Madjek, Inc., 131 AD3d 678, 679; see Sanders v Guida, 213 AD3d at 714-715). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Sanders v Guida, 213 AD3d at 715 [internal quotation marks omitted]; see Kunwar v Northwell Health, 229 AD3d at 531).
Here, the plaintiff failed to meet her burden as to the third prong of the relation-back doctrine. The record is devoid of any evidence that SCO was aware that a CVA action had been commenced against the Nassau County defendants prior to the expiration of the statute of limitations (see Kunwar v Northwell Health, 229 AD3d at 531; Dixon v Jones, 217 AD3d at 840). Under these circumstances, the plaintiff failed to establish that SCO knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been commenced against it as well. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint to add SCO as a defendant.
The plaintiff's remaining contention need not be reached in light of our determination.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court