Fitzpatrick v City of New York (2024 NY Slip Op 05556)

Fitzpatrick v City of New York

2024 NY Slip Op 05556

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-04292
 (Index No. 150717/19)

[*1]Anne Fitzpatrick, plaintiff-respondent, 
v
City of New York, et al., defendants, Parking Systems Plus, Inc., defendant third-party plaintiff/second third-party plaintiff-respondent, Ruttura & Sons Construction Co., Inc., defendant third-party defendant-respondent, T. Moriarty & Sons, Inc., defendant second third-party defendant-appellant.

Brody Law Group, PLLC, New York, NY (Magdalene P. Skountzos of counsel), for defendant second third-party defendant-appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for defendant third-party plaintiff/second third-party plaintiff-respondent.
Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak and Susan B. Eisner of counsel), for defendant third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant second third-party defendant appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated May 18, 2022. The order denied the defendant second third-party defendant's motion pursuant to CPLR 3211(a) to dismiss the second amended complaint and all cross-claims insofar as asserted against it and the second third-party complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant second third-party defendant's motion which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In March 2019, the plaintiff commenced this action against, among others, Parking Systems Plus, Inc. (hereinafter PSP), to recover damages for personal injuries she allegedly sustained when she tripped and fell on a sidewalk adjacent to a parking garage located in Staten Island. In March 2021, PSP commenced a third-party action against Ruttura & Sons Construction Co., Inc. (hereinafter Ruttura). Thereafter, the plaintiff filed an amended complaint adding Ruttura as a defendant. In December 2021, PSP commenced a second third-party action against T. Moriarty & Son, Inc. (hereinafter Moriarty), seeking contribution and indemnification. In January 2022, the plaintiff filed a second amended complaint adding Moriarty as a defendant. PSP and Ruttura each asserted cross-claims against Moriarty for contribution and indemnification.
Moriarty moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the second amended complaint and all cross-claims insofar as asserted against it and the second third-party complaint. In an order dated May 18, 2022, the Supreme Court denied Moriarty's motion. Moriarty appeals.
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 851 [internal quotation marks omitted]; see CPLR 3211[a][5]). Pursuant to CPLR 214(5), an action to recover damages for personal injuries, with certain exceptions not relevant here, is subject to a three-year statute of limitations. Here, Moriarty met its prima facie burden by establishing that the second amended complaint was filed more than three years after the plaintiff's accident, which occurred in March 2018.
Consequently, the burden shifted to the plaintiff to raise a question of fact as to whether the relation-back doctrine applied. "The relation-back doctrine enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the limitations period has expired" (Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d at 851-852 [internal quotation marks omitted]). "In order for claims against one defendant to relate back to claims asserted against another, a plaintiff must demonstrate (1) that both claims arose out of the same conduct, transaction, or occurrence, (2) that the new party is 'united in interest' with the original defendant such that it may be charged with such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) that the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the new defendant as well" (id. at 852; see Wilson v Rye Family Realty, LLC, 218 AD3d 836, 838). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Sanders v Guida, 213 AD3d 712, 715 [internal quotation marks omitted]).
Here, the first prong of the relation-back doctrine was satisfied. The claims against Moriarty and the claims against the original defendants arose out of the same occurrence, specifically, the plaintiff's accident allegedly caused by the negligent construction, maintenance, and operation of the subject sidewalk.
However, the plaintiff failed to satisfy the second prong of the relation-back doctrine. "Parties are united in interest if their interest in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (id. [internal quotation marks omitted]). Here, the plaintiff failed to establish that Moriarty and the original defendants were united in interest, as the record demonstrates that the parties each seek to establish, in effect, that the other constructed and maintained the sidewalk. Accordingly, "their defenses to the plaintiff's claims do not stand or fall together" (Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1026; see Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800).
The plaintiff also failed to satisfy the third prong of the relation-back doctrine, which focuses, inter alia, on "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he [or she] is concerned" (Sanders v Guida, 213 AD3d at 715 [internal quotation marks omitted]; see Mignone v Nyack Hosp., 212 AD3d 802, 804). Here, the record is devoid of evidence that Moriarty became aware of the plaintiff's accident before the statute of limitations period expired. Thus, the plaintiff failed to establish that Moriarty knew that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against it as well (see Sanders v Guida, 213 AD3d at 715).
Accordingly, the Supreme Court should have granted that branch of Moriarty's motion which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it.
The Supreme Court properly denied dismissal of all cross-claims insofar as asserted against Moriarty and the second third-party complaint. To the extent that the evidentiary material submitted by Moriarty qualified as documentary evidence, it cannot be said that "the documentary evidence utterly refutes [the] factual allegations, conclusively establishing a defense as a matter of law" (Ming Long Liu v Kirkwood, 222 AD3d 861, 861 [internal quotation marks omitted]; see CPLR 3211[a][1]). Additionally, the evidentiary material did not establish that PSP and Ruttura do not have a claim upon which relief may be granted or that a material fact claimed by them is not a fact at all and no significant dispute exists regarding it (see Ming Long Liu v Kirkwood, 222 AD3d at 863; see also CPLR 3211[a][7]).
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court