Murphy v Westchester One, LLC (2025 NY Slip Op 04657)

Murphy v Westchester One, LLC

2025 NY Slip Op 04657

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

[*1]Chandra Murphy, appellant, 
v
Westchester One, LLC, et al., defendants, 44 South Broadway Property, LLC, defendant second third-party plaintiff; Temco Service Industries, Inc., second third-party defendant- respondent (and another third-party action).

Scott Baron & Associates, P.C., Howard Beach, NY (Andrea R. Palmer of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for second third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 25, 2020. The order denied the plaintiff's motion for leave to amend the caption and leave to serve a second supplemental summons and amended complaint to add the second third-party defendant, Temco Service Industries, Inc., as an additional defendant.
ORDERED that the order is affirmed, with costs.
In December 2016, the plaintiff allegedly was injured when she slipped and fell on a wet floor while on premises owned by the defendant second third-party plaintiff, 44 South Broadway Property, LLC (hereinafter 44 South), and managed by the defendant Cushman & Wakefield, Inc. (hereinafter Cushman). In June 2017, the plaintiff commenced an action against the defendant Westchester One, LLC, and 44 South. In June 2018, the plaintiff served an amended complaint naming Cushman, Beacon Capital Partners, LLC, and BCSP IV Property Management, LLC, as defendants. In May 2018, 44 South commenced a third-party action against Cushman and in July 2018, 44 South commenced a second third-party action against the second third-party defendant, Temco Service Industries, Inc. (hereinafter Temco). The second third-party complaint alleged, among other things, that Cushman had contracted with Temco to perform cleaning services at the subject premises and that the plaintiff's injuries were caused by Temco's negligence. In August 2019, the second third-party action was discontinued and in December 2019, the third-party action was also discontinued. In an order dated December 23, 2019, the Supreme Court granted 44 South's motion for summary judgment dismissing the complaint insofar as asserted against it.
On March 10, 2020, approximately three months after the statute of limitations expired, the plaintiff moved for leave to amend the caption and leave to serve a second supplemental [*2]summons and amended complaint to add Temco as an additional defendant. While the plaintiff's motion was pending, the Supreme Court granted Cushman's motion for summary judgment dismissing the complaint insofar as asserted against it. Thereafter, in an order dated September 25, 2020, the court denied the plaintiff's motion. The plaintiff appeals from the order dated September 25, 2020.
The Supreme Court properly denied the plaintiff's motion for leave to amend the caption and leave to serve a second supplemental summons and amended complaint to add Temco as an additional defendant. The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well (see Sarceno v Manhattan View, LLC, 230 AD3d 1176, 1177; Ragusa v Drazie's Farm II, LLC, 226 AD3d 836, 837).
Here, there is no dispute that the first prong of the relation-back doctrine was established. However, the plaintiff failed to establish the second and third prongs of the relation-back doctrine. Concerning the second prong, parties are united in interest when their interests in the subject matter are such that they will stand or fall together with respect to the plaintiff's claim (see Ragusa v Drazie's Farm II, LLC, 226 AD3d at 837; Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679). In a negligence action, the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other (see Moceri v Town of Islip, 225 AD3d 856, 858; Sanders v Guida, 213 AD3d 712, 715). Here, since 44 South and Cushman are not vicariously liable for Temco's acts, Temco is not united in interest with those defendants.
Additionally, "given the plaintiff's knowledge of the existence of [Temco] and its involvement in the case long before the applicable limitations period had expired, and [the plaintiff's] failure to join [Temco] as a defendant during that period, [the plaintiff] did not establish that [Temco] knew or should have known that, but for a mistake, the direct action would have been commenced against it as well" (Arsell v Mass One LLC, 73 AD3d 668, 670; see Buran v Coupal, 87 NY2d 173, 181).
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.

2020-08293 DECISION & ORDER ON MOTION
Chandra Murphy, appellant, v Westchester One, LLC,
et al., defendants, 44 South Broadway Property, LLC,
defendant second third-party plaintiff; Temco Service
Industries, Inc., second third-party defendant-
respondent (and another third-party action).
(Index No. 58550/17)

Appeal from an order of the Supreme Court, Westchester County, dated September 25, 2020. Motion by the second third-party defendant-respondent, inter alia, to strike stated portions of the reply brief. By decision and order on motion of this Court dated August 23, 2021, that branch of the motion which is to strike stated portions of the reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the reply brief is granted, and Points I and III of the plaintiff's reply brief are stricken and have not been considered in the determination of the appeal.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court