Kolodziejski v North Shore Univ. Hosp. (2025 NY Slip Op 05676)

Kolodziejski v North Shore Univ. Hosp.

2025 NY Slip Op 05676

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2021-08643
 (Index No. 601697/19)

[*1]Hubert Kolodziejski, et al., respondents, 
v
North Shore University Hospital, et al., defendants; Nayana S. Parekh, etc., et al., nonparty-appellants.

Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner and Alejandra R. Gil of counsel), for nonparty-appellants.
Silberstein, Awad & Miklos (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., Nayana S. Parekh and Robert Marriott Medical Corp., doing business as Advantage Wound Care, appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated October 28, 2021. The order, insofar as appealed from, granted that branch of the plaintiffs' cross-motion which was for leave to amend the amended complaint to add Nayana S. Parekh and Robert Marriott Medical Corp., doing business as Advantage Wound Care, as defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2019, the plaintiffs commenced an action, inter alia, to recover damages for medical malpractice against several defendants, including Nayana S. Parekh and Robert Marriott Medical Corp., doing business as Advantage Wound Care (hereinafter together the appellants), relating to treatment provided to the plaintiff Hubert Kolodziejski. Thereafter, the plaintiffs filed an amended complaint that no longer named the appellants as defendants. The appellants' counsel requested that the plaintiffs' counsel execute a stipulation of discontinuance as to the appellants, but the plaintiffs' counsel did not do so. Subsequently, new counsel was substituted for the plaintiffs, and the plaintiffs then cross-moved, among other things, for leave to amend the amended complaint to add the appellants as defendants. In an order dated October 28, 2021, the Supreme Court, inter alia, granted that branch of the cross-motion. This appeal ensued.
"Generally speaking, leave to amend a pleading shall be freely granted upon terms as may be just" (Bisono v Mist Enters., Inc., 231 AD3d 134, 140; see CPLR 3025[b]). Leave may be denied if the proposed amendment is palpably insufficient or patently devoid of merit, or if it would cause undue prejudice to a party (see Bisono v Mist Enters., Inc., 231 AD3d at 140). "Amendments that seek to add a time-barred claim or party will be found to be patently devoid of merit, unless the untimeliness can be saved by application of the relation-back doctrine" (id. [citations omitted]).
Here, when the amended complaint was filed, it superseded the original complaint [*2]and became the only complaint in the action (see R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 688; Taub v Schon, 148 AD3d 1200, 1201). Thus, the appellants, who were not named as defendants in the amended complaint, were no longer parties in the action, and, as the cross-motion was made after the statute of limitations had expired, the plaintiffs bore the burden of proving that the relation-back doctrine applied (see Dixon v Jones, 217 AD3d 838, 840).
Under the relation-back doctrine, a plaintiff may amend the complaint to add a party even though the statute of limitations has expired if the plaintiff satisfies three conditions: "(1) that both claims arose out of the same conduct, transaction, or occurrence, (2) that the new party is 'united in interest' with the original defendant such that it may be charged with such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) that the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the new defendant as well" (Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 852; see Wilson v Rye Family Realty, LLC, 218 AD3d 836, 838). "The doctrine . . . gives courts the sound judicial discretion to identify cases that justify relaxation of limitations strictures . . . to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary" (OneWest Bank N.A. v Muller, 189 AD3d 853, 855 [internal quotation marks omitted]). "The doctrine focuses on the notice and prejudice to the added party" (Matter of Nemeth v K-Tooling, 40 NY3d 405, 408).
Initially, the appellants do not dispute that the first prong of the three-part test was satisfied.
Contrary to the appellants' contention, the plaintiffs satisfied the second prong of the test, as they established that the appellants and the defendants named in the amended complaint were united in interest (see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Mignone v Nyack Hosp., 212 AD3d 802, 803). Interests may be found to be united where one party is vicariously liable for the acts of the other (see Matter of Nemeth v K-Tooling, 40 NY3d at 408), and "[v]icarious liability may be based on proof of an agency relationship" (Teer v Queens-Long Is. Med. Group, 303 AD2d 488, 490). Here, at the pleading stage of the litigation, the allegations in the amended complaint and the proposed second amended complaint sufficiently alleged an employee/agency relationship between the appellants and the defendants named in the amended complaint.
"Notice to the new defendant within the applicable limitations period is the linchpin of the relation-back doctrine, and thus the third prong of the test focuses, inter alia, on whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he or she is concerned" (Kunwar v Northwell Health, 229 AD3d 528, 531 [internal quotation marks omitted]; see Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 42 AD3d 443, 444). Here, there can be no doubt that the appellants had notice of the claims within the applicable limitations period since they were timely served with the original complaint (see Bisono v Mist Enters., Inc., 231 AD3d 134). Moreover, the refusal of the plaintiffs' counsel to execute a stipulation of discontinuance as to the appellants despite repeated requests and the service of discovery responses upon the appellants' counsel by the plaintiffs' new counsel belie the appellants' contention that they had every reason to believe that the action was not being pursued against them. This is not a case "where application of the doctrine rewards the amending party's strategic delay in naming an opposing party," since nothing in the record suggests that the plaintiffs omitted the appellants from the amended complaint "in order to obtain a tactical advantage in the litigation" (Matter of Nemeth v K-Tooling, 40 NY3d at 414 [internal quotation marks omitted]). As such, the third prong of the test was satisfied.
Since the plaintiffs established that the relation-back doctrine applied, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross-motion which was for leave to amend the amended complaint to add the appellants as defendants. The proposed amendment was not patently devoid of merit, and the appellants were not unduly prejudiced by the delay in adding them as parties (see Bisono v Mist Enters., Inc., 231 AD3d at 143).
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court