Brissett v Scarpinato (2026 NY Slip Op 50263(U))

[*1]

Brissett v Scarpinato

2026 NY Slip Op 50263(U)

Decided on March 5, 2026

Supreme Court, Kings County

Mallafre Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 5, 2026
Supreme Court, Kings County

Ladwin Brissett, Plaintiff,

againstDr. Dorothy Scarpinato, Defendant.

Index No. 682/2024

Plaintiff[no representation]Defendant Dr. Dorothy ScarpinatoKenneth Walter Loock ([email protected])Benvenuto & Gaujean1800 Northern BoulevardRoslyn, NY 11576516-775-2236Proposed Defendants Michael Passett and Orlin & Cohen Orthopedic Group LLPFabiana Marisa Furgal ([email protected])Rubin Paterniti Gonzalez Rizzo Kaufman LLP800 Third Avenue Suite 902New York, NY 10022646-809-3370

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review:
Notice of Motion, Affirmation & Exhibits 1Affirmation in Opposition & Exhibits NYSCEF Doc. 7-15Reply Affirmation & Exhibits 2
Plaintiff pro se moved for leave to amend his Complaint to add new party defendants Michael Passett and Orlin & Cohen Orthopedic Group LLP ("Orlin & Cohen"). Proposed [*2]Defendants Michael Passett and Orlin & Cohen filed opposition to the motion.
Plaintiff, Defendant's counsel, and counsel for the Proposed Defendants appeared before this Court for oral argument on January 14, 2026. Plaintiff was served with opposition papers from the Proposed Defendants, which were also filed to the Court electronically.
Upon the application of Plaintiff, the motion was adjourned to allow an extension of time for reply papers. Plaintiff's reply affirmation was submitted to the Office of the County Clerk. The motion was fully submitted on February 11, 2026. All papers have been considered herein.
In his reply, Plaintiff states that he "concedes that respondent Michael Passett should be excluded from this case" and that any claims against him in the Amended Complaint should be "dismissed." Accordingly, the part of the motion seeking to add Michael Passett as a defendant is denied as moot.
Plaintiff commenced this action pro se on August 20, 2024, asserting claims against Dorothy Scarpinato, M.D. Plaintiff alleges, in part, that Dr. Scarpinato abused and assaulted him during an Independent Medical Examination which occurred on December 17, 2023. He also asserts claims of negligence sounding in medical malpractice. He seeks to amend his Complaint to add claims against new party defendant Orlin & Cohen, on the basis that they were the alleged employers of Dr. Scarpinato. His Proposed Amended Complaint alleges, inter alia, that Orlin & Cohen are liable for "medical negligence" on Dr. Scarpinato's behalf.
Plaintiff further argues that the relation-back doctrine should apply to deem any claims against Orlin & Cohen interposed when this action was commenced in August 2024.
In their opposition, counsel for Orlin & Cohen argue that the statute of limitations for Plaintiff's claims of intentional torts (assault and battery) expired on December 17, 2024, one year after the alleged events (see CPLR 215 [3]), and that the relation-back doctrine does not apply.
Generally, the relation-back doctrine applies to newly added defendants only if three conditions are met (see CPLR 203 [f]). First, the Plaintiff must demonstrate that "the causes of action arose out of the same conduct, transaction, or occurrence." Second, the new party must be "united in interest" with one or more of the originally named defendants, such that they will "stand or fall together and that judgment against one will similarly affect the other" (Patrick v Comprehensive Med. Supply, LLC, 225 AD3d 777, 779 [2d Dept 2024]). "Where one party is vicariously liable for the acts and omissions of another, their available defenses will be the same and the parties' interests will be united" (Bisono v Mist Enterprises, Inc., 231 AD3d 134 [2d Dept 2024]). The third and final requirement is that "the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well." (Sanders v Guida, 213 AD3d 712, 714-715 [2d Dept 2023]; see also Buran v Coupal, 87 NY2d 173 [1995]).
There is no dispute that the claims against Orlin & Cohen arise from "the same conduct, transaction, or occurrence" in the original Complaint, and therefore the first prong of the relation-back doctrine applies. However, the Proposed Defendants argue there is no "unity of interest" because they are not vicariously liable for the defendant's intentional acts or omissions. They also contest whether the third element regarding notice is satisfied.
Generally, an employer is not vicariously liable for intentional torts committed by the employee, such as abuse and assault as alleged in the Complaint, unless such acts "were committed in furtherance of the employer's business and within the scope of employment" (Rivera v. State, 34 NY3d 383, 389 [2019]). Courts consider a number of factors including "'whether the act is one commonly done by such an employee; the extent of departure from [*3]normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated' (i.e., whether it was foreseeable)" (i.d., quoting Riviello v Waldron, 47 NY2d 297, 303 [1979]).
The Proposed Amended Complaint contains no facts or allegations indicating Dr. Scarpinato was acting in the scope of employment and furthering the employer's business when committing the alleged intentional abuse, assault, or battery against Plaintiff. To the extent that Plaintiff asserts intentional tort claims, those claims are time-barred against Orlin & Cohen and there is no "unity of interest" to apply the relation-back doctrine.
Furthermore, the third prong requires a showing that "the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well" (Sanders, 213 AD3d 712 at 714-715). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (i.d., quoting Petruzzi v Purow, 180 AD3d 1083, 1084 [2d Dept 2020]; Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982-983 [2d Dept 2009]). The key factor is not whether the plaintiff's mistake was excusable, but whether the defendant who was not initially sued "could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all, and that the matter has been laid to rest as far as he is concerned" (Buran at 181 [internal quotation marks and citations omitted]; see Alvarado at 983).
There is nothing in the movant's papers to support a finding that proposed defendant Orlin & Cohen had notice or "should have known" of this action against Dr. Scarpinato until they were served with this motion in November 2025. Therefore, the third prong of the relation-back doctrine is not satisfied as to the intentional tort claims.
For these reasons, to the extent Plaintiff asserts claims against Orlin & Cohen for intentional abuse, assault, and battery, the Court finds these claims are time-barred and the relation-back doctrine does not apply.
Notwithstanding, the Proposed Defendants do not address the part of the Amended Complaint asserting claims of negligence or medical malpractice. The statute of limitations for those claims has not expired, regardless of whether the relation-back doctrine applies.
CPLR 3025 (b) provides that leave to amend a pleading "shall be freely given," in the absence of prejudice resulting from the delay, "unless the proposed amendment is palpably insufficient or patently devoid of merit" (Calamari v Panos, 131 AD3d 1088, 1089 [2d Dept 2015]). "A court must not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (Parker Waichman, LLP v Chaikin, 241 AD3d 571, 573 [2d Dept 2025] [internal quotation marks and citations omitted]). Given that the statute of limitations has not expired on the negligence and medical malpractice claims, and the Proposed Defendants have not opposed the motion as to those claims, Plaintiff's motion is granted to the extent of the negligence and medical malpractice claims against Orlin & Cohen.
Accordingly, it is hereby:
ORDERED that the part of Plaintiff's motion (Seq. No. 1) seeking leave to file and serve an Amended Complaint adding Michael Passett as a defendant is denied; and it is further
ORDERED that the part of Plaintiff's motion (Seq. No. 1) seeking leave to file and serve an Amended Complaint adding Orlin & Cohen Orthopedic Group LLP is denied as to any intentional tort (assault and battery) claims against that defendant; and it is further
ORDERED that the part of Plaintiff's motion (Seq. No. 1) seeking leave to file and serve an Amended Complaint adding Orlin & Cohen Orthopedic Group LLP is granted as to his [*4]claims of negligence or medical malpractice against that defendant; and it is further
ORDERED that Plaintiff shall serve their Amended Complaint on Defendants Dr. Dorothy Scarpinato and Orlin & Cohen Orthopedic Group LLP within 30 days of this Order; and it is further
ORDERED that all papers requesting relief or responses thereto in this action shall be filed in Motion Support; and it is further
ORDERED that the caption is amended to read:
LADWIN BRISSETT,Plaintiff,
       againstDR. DOROTHY SCARPINATO and ORLIN & COHENORTHOPEDIC GROUP LLP,Defendants.
This constitutes the decision and order of this Court.
ENTER.Hon. Consuelo Mallafre Melendez, J.S.C.